LANDRUM MILLS CORPORATION, doing business as HOTEL LA CONCHA and SAN JUAN HOTEL CORPORATION, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; OSCAR CIVIDANES ET AL., Interveners.

No. C-64-48.     Decided June 30, 1965.

*McConnell, Valdés & Kelley, Roy J. Cohen, Donald M. Hall, William Lespier,* and *Agustín F. Fortuño* for petitioner. *Demetrio Fernández* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

■ Regarding the unconstitutionality of Act No. 2 of October 17, 1961, we have to abide by the rule of the majority as established in *Dorado Beach Corporation* v. *Superior Court*, Bayamón Part, Augusto Palmer, Judge, C-64-81, an opinion delivered by Mr. Justice Dávila on this same date. In said opinion the Court holds: "Almost fifty years ago the Legislative Assembly approved an act adopting a summary proceeding to regulate the claims for wages. It established a rapid and simple procedure to expedite the proceedings in these claims. When this Court first adopted the Rules of Procedure in 1943, the procedure established by the Legislative Assembly by means of Act No. 10 of 1917 remained in effect. Likewise in 1958 when new Rules of Procedure were adopted it was specifically provided in Rule 61 that 'all special legal proceedings and any other proceedings of a special nature not covered by Rules 55, 56, 57, 58, 59, and 60 shall be prosecuted in the manner provided by law.' Therefore, the procedure established by the Act of 1917 subsisted as rule of procedure adopted by this Court. Thus, insofar as this Act is concerned, since it was adopted by this Court as special regulation for claims for wages, the Legislative Assembly could amend, repeal or supplement it. Albeit the Act of 1961 repealed the Act of 1917, the truth is that if both statutes are examined it will be noted that the new Act is fundamentally the same as the one repealed. In fact, it is a reenactment of the former with some amendments. It keeps the basic principles of the former and the chief amendment consists of adding the provisions related to the manner in which the Rules of Procedure concerning the discovery of information shall be applied. In fact, the Legislative Assem-

bly did not approve new rules of procedure for claims for wages. It amended the law in effect which had been adopted by this Court as rule of procedure for this type of claims, and there is no doubt that the Legislative Assembly could amend it."

The second objection to Act No. 2 of October 17, 1961 raises the constitutional question of a possible violation of the clauses of due process of law or of the equal protection of the laws. The grounds of the objection could be summarized in the following terms: The proceeding authorized for the claims for wages places the employers at a disadvantage from the beginning to the end of the proceeding, imposing upon them a series of arbitrary limitations which constitute serious obstacles in establishing their defenses in the courts, thereby violating the basic concepts of reasonability, of the due process of law, and establishing arbitrary distinctions contrary to the correlation of opportunities which characterizes the equal protection of the laws.

■ The proceeding of 1961 for the claiming of wages is a special proceeding of a summary nature and since the State considers that any question in relation to a labor contract is clothed with public interest because of its possible effect on our economy, it has some provisions which are more favorable to the worker than to the employer, inasmuch as the legislative study concluded that at the beginning of a judicial claim equality of economic means for an adequate defense of their respective rights does not exist between the parties.

The provisions of said proceeding having been examined in full, it is evident that the employer is granted the basic defense opportunities embodied in the due process of law: (1) notice of complaint, (2) summons, (3) opportunity to answer, (4) public hearing, (5) opportunity to cross-examine the witnesses of the other party and opportunity to introduce

the witnesses who are to sustain the allegations in employer's favor (6) and moreover, an opportunity to review by a court of higher instance.

There is no constitutional objection to the limitation of a judicial process when the rest of the statute, as in the case of the claim for wages proceeding herein examined, keeps a reasonable opportunity of defense.

For the reasons stated the judgments object of this proceeding entered by the Superior Court of Puerto Rico on June 2, 1964 will be affirmed.

—O—

Separate opinion of MR. JUSTICE SANTANA BECERRA

San Juan, Puerto Rico, June 30, 1965

In giving my vote in this case I repeat what I stated in the concurring part of my opinion in *Dorado Beach Corporation* v. *Superior Court*, C-64-81 decided June 30, 1965 *ante*, p. 594, regarding the validity and not unconstitutionality of Act No. 2 of October 17, 1961.